UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MODOU TAGUE,

                Plaintiff,

– against –

POLICE CAPTAIN JOHN DOE #1,

                Defendant.

**ORDER**

18 Civ. 413 (ER)

Ramos, D.J.:

      On January 17, 2018, Modou Tague, *pro se*, filed this action against Police Captain John Doe #1 for violation of his constitutional rights.  Doc. 2.  On January 25, 2018, the Court issued a *Valentin* Order directing the City of New York to identify the Defendant.  Doc. 6 at 3.  On November 13, 2018, the Court directed Plaintiff to respond to the City's interrogatories and warned that failure to follow Court orders could result in the Court relieving the City of its obligations under the *Valentin* Order and dismissal of the complaint.  Doc. 13 at 2.  On February 1, 2019, the Court granted the City's request to be relieved of the *Valentin* Order.  Doc. 15.  On December 1, 2020, the Court issued an order directing Plaintiff to show cause why the Court should not dismiss this action for failure to prosecute by December 14, 2020.  Doc. 18.  Despite the Court's warning that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)[,]" Plaintiff has not been in contact with the Court.  *Id.*  Because Plaintiff has been inactive for over two years, and has been unresponsive to the Court's order, the Court dismisses this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.  Standard**

      Courts evaluating dismissal under Rule 41(b) must consider

> (1) the duration of the plaintiff's failures,
> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II.     Discussion

Each *LeSane* factor weighs in favor of dismissal in this case.  *First*, Plaintiff has been inactive for over two years.  Plaintiff's silence weighs in favor of dismissal.  *Chappell v. City of Peekskill*, No. 18 Civ. 5901 (PMH), 2020 WL 6947427, at *3 (S.D.N.Y. Nov. 25, 2020) (finding "inexcusable" that "Plaintiff has not complied with the Court's directives and, based upon the docket, has not taken any steps to advance this matter in more than two years"); *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (dismissing under Rule 41(b) where "Plaintiff has not responded to the Court's Orders or otherwise communicated an intention to participate in this case for more than two years").

*Second*, Plaintiff was on notice that his case would be dismissed if he failed to respond to the Court's orders.  The Court first warned him that failure to respond to the Court's orders could result in dismissal of the complaint in November 2018.  Doc. 13 at 2.  Subsequently, the Court specifically warned Plaintiff that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)[,]" Plaintiff has not been in contact with the Court.  Doc. 18.

*Third,* prejudice may be presumed from Plaintiff's "lengthy and inexcusable" two plus

2

years of delay.  *Chappell*, 2020 WL 6947427, at *3 (citation omitted); *Honsaker*, 2020 WL 6082094, at *3 (citation omitted).

*Fourth*, Plaintiff has not seized his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209.  Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Honsaker*, 2020 WL 6082094, at *3 (citations omitted).

*Fifth*, no weaker sanctions than dismissal could remedy Plaintiff's failure to prosecute this action.  Although Plaintiff is *pro* se, he must still comply with Court orders.  *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (collecting cases).  Moreover, dismissal is appropriate where, as here, Plaintiff "appears to have abandoned the litigation."  *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice.  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to close the case.

It is SO ORDERED.

Dated:   April 6, 2021
         New York, New York

                                              EDGARDO RAMOS, U.S.D.J.